UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PAUL B. WITEK and SHERRI WITEK,

       Plaintiffs,

v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS), et al.,

       Defendants.
_____/

File No.  1:11-CV-216

HON. ROBERT HOLMES BELL

**O P I N I O N**

    This anti-foreclosure action is before the Court on Defendant Wells Fargo Bank, N.A.'s motion for judgment on the pleadings or, in the alternative, for summary judgment. (Dkt. No. 26.)   For the reasons that follow, the motion will be granted.

**I.**

    In 1997, Plaintiffs Paul and Sherry Witek, husband and wife, purchased property at 766 Snaedle Road, in Whitehall, Michigan. In 1998 the Witeks obtained a $140,000 mortgage loan (the "Mortgage") from Huntington Bank to build their house on that property. (Def. Ex. 1.)  Huntington Bank assigned the Mortgage to Chase Mortgage Company (Def. Ex. 2), which, in turn, assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Homeside Lending, Inc.  (Def. Ex. 3).  In December 2005, the Witeks entered into a loan modification agreement with MERS as nominee for

Washington Mutual Bank.[1] (Compl. Ex. B.) On July 28, 2009, the Mortgage was assigned to Wells Fargo. (Def. Ex. 5.) In 2010, Plaintiffs defaulted on their loan and Wells Fargo initiated foreclosure proceedings. Plaintiffs requested a meeting to discuss a loan modification, and the foreclosure was suspended. (Def. Ex. 6.) Plaintiffs met with a Wells Fargo representative on October 25, 2010. (Def. Ex. 7.) On December 16, 2010, Plaintiffs were advised that they did not qualify for a loan modification, and that the foreclosure would proceed. (Def. Ex. 8.) On December 22, 2010, Trott & Trott, P.C., attorneys for the servicer, sent Plaintiffs a Notice of Mortgage Foreclosure Sale.

On January 18, 2011, the Witeks filed this action for injunctive relief and damages in the Muskegon County Circuit Court against a number of financial institutions. Plaintiffs alleged lack of standing to foreclose, unlawful assignment of mortgage and note, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, and violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Wells Fargo removed this action to federal court on the basis of federal question jurisdiction. Wells Fargo is the only remaining defendant. The other defendants (Huntington National Bank, Mortgage Electronic Systems Inc., the Chase Mortgage Corporation, and Washington Mutual Bank, FA) were terminated by stipulation. (Dkt. Nos. 24, 30.)

The foreclosure sale was held on March 25, 2011. Wells Fargo entered a successful

---

[1] Although the Modification Agreement that is attached to Plaintiffs' complaint is not signed by MERS or Washington Mutual, for purposes of this motion the Court will assume the validity of this agreement.

credit bid and obtained a sheriff's deed on mortgage sale. (Def. Ex. 9.) The redemption period expired one year later, on March 25, 2012. Mich. Comp. Laws § 600.3240 ; (Def. Ex. 9, Aff. of Purchaser.)

Wells Fargo has filed a motion for judgment on the pleadings, or in the alternative, for summary judgment.

I.

Once the redemption period has expired, a buyer loses standing to challenge the foreclosure. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (1942) ("Plaintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right . . . all plaintiffs' rights in and to the property were extinguished." ). This is so, even if the buyer has already initiated a legal challenge to the foreclosure. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App 246, 247-48 (1969). *See, e.g.*, *Nafso v. Wells Fargo Bank, NA*, No. 11-10478, 2011 WL 1575372, at *2 (E. D. Mich. Apr. 26, 2011) ("Nafso lost standing to assert any rights to or interest in the property when the six-month redemption period under M.C.L. § 600.3240(8) expired on January 20, 2011."); *Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (noting that although he plaintiff filed suit before the redemption period

expired, that was insufficient to toll the redemption period). Because Plaintiffs failed to redeem the property before the redemption period expired, Wells Fargo became vested with "all the right, title, and interest" in the property by operation of law, and Plaintiffs lost standing to assert claims with respect to the property. On this basis alone, Defendant is entitled to dismissal of the claims against it.

**II.**

Even if Plaintiffs had standing to assert claims with respect to the property, Defendant is entitled to judgment on those claims because the claims lack merit.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim, Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488

F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## A. Standing to Foreclose

Plaintiffs allege in Count 4[2] of their complaint that Wells Fargo lacked standing to foreclose because of the insufficient record title of the assignments of the mortgage note, and the improper transfer of the mortgage note to the various defendants. (Compl. ¶ 24.)

Wells Fargo has presented evidence that it has complied with all of the requirements for mortgage foreclosure as set forth in Mich. Comp. Laws § 600.3204:

1. there was a default which triggered the power to sell under the terms of the mortgage, § 3204(1)(a);

2. Wells Fargo has not instituted an action to recover the debt, § 3204(1)(b);

3. The mortgage has been properly recorded, § 3204(1)(c);

4. Wells Fargo is the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage,

---

[2]"Counts" 1-3 and 7-8 of Plaintiffs' complaint address parties, venue and jurisdiction, background facts, injunctive relief, and attorneys fees. They do not state discrete claims. Plaintiffs' complaint contains two counts labeled "Count 6." Accordingly, the legal claims addressed in this motion are those contained in Counts 4, 5, 6 and 6.

§ 3204(1)(d);

5. A record chain of title exists evidencing the assignment of the mortgage tot he party foreclosing. § 3204(3).

Plaintiffs contend the requirements of § 600.3204 have not been met because they filed this action before the foreclosure was complete.

The relevant requirement in the statute is:

> An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.

Mich. Comp. Laws § 600.3204(1)(b). This provision bars foreclosure by advertisement if an action has been brought by the lender or mortgage holder. This provision does not address an action filed by the mortgagor. Accordingly, Plaintiffs' filing of this action did not preclude Wells Fargo from continuing with the foreclosure by advertisement.

Plaintiffs also contend that Defendant is not entitled to judgment on Count 4 because Defendant has not produced the promissory note or proved that it received an ownership interest in the note.

Contrary to Plaintiffs' assertions, the foreclosure statute does not require production of the note. Mich. Comp. Laws § 600.3204(1)(d); *see also Reardean v. CitiMortgage, Inc.*, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011) (noting that "while a suit to recover a promissory note typically requires possession, foreclosures do not"); *San Diego Home*

*Solutions, Inc. v. Recontrust Co.*, No. 08cvv1970, 2008 WL 5209972, at *2 (S.D. Cal. Dec. 10, 2008) (rejecting argument that note must be produced where statute did not require it). The foreclosure statute also expressly allows the servicing agent of a mortgage to foreclose. Mich. Comp. Laws § 600.3204(1)(d). Wells Fargo, as the servicer of the loan, conducted the foreclosure. It was not required to produce the note.[3]

Plaintiffs also contend that "Defendant has to prove that it owns the note to validate MERS 'ownership of a security lien for the right to foreclose.'" (Dkt. No. 31, Pl. Resp. 9.) Plaintiffs cite *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909 (2011), in support of the proposition that "MERS' status as an 'owner of an interest in the indebtednness' does not equate to an ownership interest in the note." *Id.* at 909.

Plaintiffs' reliance on *Saurman* is misplaced. *Saurman* specifically held that MERS is authorized to foreclose by advertisement under § 600.3204. 490 Mich. at 909. *See also Soto v. Wells Fargo Bank, N.A.*, No. 11-14064, 2012 WL 113534, 3 (E.D. Mich. Jan. 13, 2012) ("[T]o the extent plaintiff argues that the foreclosure proceedings are invalid based on MERS's role in the mortgage process, his claim fails. The record shows that Wells Fargo took an assignment of the mortgage as well as the debt secured by the mortgage and is authorized under M.C.L. 600.3204(1) to foreclose the mortgage by advertisement.").

Defendant has carried its burden of showing there is an absence of evidence to support

---

[3] There is no issue concerning the validity of the note. Plaintiffs admit executing the note in their complaint ¶ 13.

7

Plaintiffs' claim that Defendant lacked standing to foreclose, and Plaintiffs have not demonstrated that there is a genuine issue of material fact for trial. Accordingly, Defendant is entitled to judgment on Count 4.

**B. Unlawful Assignment**

Plaintiffs allege in Count 5 of their complaint that the assignment of the mortgage and note was unlawful because MERS had no lawful authority to act in any capacity related to the mortgage lending transactions, and because Wells Fargo did not investigate the chain of title or the validity of the underlying mortgage and note. (Compl. ¶¶ 29-31.)

The original mortgage specifically provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower." (Def. Ex. 1, ¶ 19.) Plaintiffs have produced no support for their argument that MERS' involvement in the mortgage was wrong. The Michigan Supreme Court has acknowledged MERS' lawful authority to act in *Saurman*. 490 Mich. at 910.

Plaintiffs' assertion that Wells Fargo did not investigate the chain of title assumes that the title was bad and that Wells Fargo has a duty to investigate. Plaintiffs have not provided factual support for either assumption. Wells Fargo has produced evidence of that it was assigned the mortgage, that the assignment was recorded, and that it complied with the foreclosure statute. Plaintiffs have not cited any authority for some additional duty to investigate.

In their brief, Plaintiffs raise additional arguments that the mortgage was securitized,

8

and that MERS' assignment of the mortgage to Wells Fargo for $1 was unlawful because the assignment was made for insufficient consideration. Plaintiffs have provided neither evidence nor law to support these contentions. Defendant is accordingly entitled to summary judgment on Count 4.

**C. Fair Debt Collection Practices Act**

Plaintiffs allege in Count 6 of their complaint that Wells Fargo violated the Fair Debt Collections Practices Act ("FDCPA").

Defendant contends that it is entitled to dismissal of the FDCPA claim because Plaintiffs have not alleged in their complaint that Wells Fargo was a debt collector for purposes of the FDCPA. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 701 (6th Cir. 2003) (affirming 12(b)(6) dismissal in part because "other than conclusorily stating that the defendant is a debt collector, plaintiff has not alleged that defendant is a business whose principal purpose is debt collection or that it regularly collects or attempts to collect debts owed to another").

Defendant also contends that neither Wells Fargo nor any of its agents engaged in practices covered by the FDCPA. Activity in enforcing a security interest in collateral does not qualify as debt collection activity for purposes of the FDCPA. *Golliday v. Chase Home Finance, LLC,*, 761 F. Supp. 2d 629, 637 (W.D. Mich. 2011) (Scoville, M.J., adopted by Bell, J.). Finally, Defendant contends that Wells Fargo complied with the FDCPA.

Plaintiffs have cited an unpublished Third Circuit case holding that Wells Fargo is a

debtor collector under the FDCPA because it "regularly" collects debts owed to another. *Oppong v. First Union Mortg. Corp.*, 215 F. App'x 114, 119 (3d Cir. 2007). Even if the Court were to credit this argument, Plaintiffs have not responded with argument or evidence to Wells Fargo's additional arguments that it did not engage in activities covered by the FDCPA, and that its practices, in any event, did not violate the FDCPA. Defendant is entitled to summary judgment on Plaintiffs' FDCPA claim.

**D. Real Estate Settlement Procedures Act ("RESPA")**

Plaintiffs allege in the second Count 6 of their complaint that Wells Fargo violated RESPA, 12 U.S.C. § 2605 in three ways. First, Plaintiffs allege that Wells Fargo violated § 2605(e)(2) "by refusing to cease its collection efforts and non-judicial foreclosure proceedings after receiving the Plaintiffs' 'qualified written request.'" (Compl. ¶ 39.) Notwithstanding Plaintiffs' contentions, there is no statutory prohibition against proceeding with foreclosure efforts in § 2605(e)(2) or anywhere else in RESPA.

Second, Plaintiffs allege that Wells Fargo violated § 2605(e)(2)(C) "by failing to provide Plaintiffs with the information and documentation requested, or an explanation why the information sought was unavailable no later than 60 days after receipt of the 'qualified written request.'" (Compl. ¶ 40.) Wells Fargo has produced evidence that it met personally with Plaintiff Paul Witek on October 25, 2010. (Def. Ex. 7.) Wells Fargo has also produced evidence that it responded to Plaintiffs, by letter dated December 22, 2010, which included a Customer Account Activity Statement reflecting Plaintiffs' payment history from July 3,

10

2004, through December 15, 2010. (Def. Ex. 11.) Plaintiffs have not specified what was inadequate about that response. *See Langley v. Chase Home Finance, LLC*, No. 1:10-CV-604 , 2011 WL 1150772, at *10 (W.D. Mich. Mar. 11, 2011) (Brenneman, M.J., approved by Jonker, J.) ("Plaintiff's conclusory allegation, which does not explain how Chase's response violated its duty to respond under § 2605(e), is insufficient to state a cause of action under RESPA."); *Mekani v. Homecomings Fin., LLC,*, 752 F. Supp. 2d 785, 795 (E.D. Mich. 2010) (dismissing RESPA claim based on allegedly inadequate response where the complaint lacked any factual content to plausibly suggest that the response was inadequate). Even if Plaintiffs' complaint were deemed sufficient, Plaintiffs have not presented any evidence to rebut Wells Fargo's contention that its response was sufficient under RESPA.

Third, Plaintiffs allege that Wells Fargo violated § 2605(e)(3) "by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Plaintiffs that were related to their 'qualified written request.'" (Compl. ¶ 41.) Plaintiffs have not alleged any facts nor provided any evidence to support this conclusory allegation. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' RESPA claim.

**E.  Other Claims**

Plaintiffs have made other claims in their complaint that do not fit neatly under any of their four legal claims. They claim that Wells Fargo: 1) failed to properly apply mortgage payments made by Plaintiffs; 2) added unlawful and exorbitant servicing charges to the loan account; and 3) failed to prove the validity of the underlying mortgage obligation.

As to the first two contentions, Plaintiffs have not specified which payments improperly applied, or which charges were unlawful. As to the third argument, Plaintiffs have not identified any legal basis for placing a burden on Defendants to prove the validity of the mortgage.

At oral argument Plaintiffs raised for the first time the issue of a consent order from a court in Minnesota. Because Plaintiffs have not presented the Court with a copy of the Minnesota order, this argument is not properly before the Court and will not be addressed.

**F. Leave to Amend**

In the event the Court finds Plaintiffs' claims to be insufficient, Plaintiffs have requested leave to file an amended complaint. Plaintiffs have not filed a motion to amend their complaint. Neither have they attached a proposed amended complaint as required by our Local Rules: "[I]f the filing of an electronically submitted document requires leave of court, such as an amended complaint . . . the proposed document must be attached as an exhibit to the motion seeking leave to file." WD Mich. LCivR 5.7(f). Without the proposed amended complaint, this Court has no ability to assess the merits of the proposed amended complaint to determine whether amendment would be futile.[4] Plaintiffs have not stated that

---

[4] To the extent Plaintiffs seek leave to amend to reference the Minnesota consent order discussed above, the motion is untimely. Plaintiffs' counsel has been aware of the consent order for several months, but failed to bring it to the Court's attention until long after the close of discovery and the time for responding to the summary judgment motion. In addition, Plaintiffs were not able to refute Defendant's contention that the consent order does not give any person, other than the parties to that action, any right, remedy or claim.

they can make the kinds of factual allegations necessary to survive a motion to dismiss. Moreover, Plaintiffs have failed to make their Rule 26(a)(1) disclosures that were required by June 6, 2011, and they have not given a good reason for this failure. Justice does not require that they be granted leave to amend.

**G. Notice of Lis Pendens**

In the event the Court enters judgment for Defendant, Defendant has requested the Court to require Plaintiffs to discharge the Notice of Lis Pendens they recorded at the time this action was filed. In light of this Court's determination that Defendant is entitled to summary judgment on all of Plaintiffs' claims, the notice of lis pendens no longer serves any legitimate purpose. Plaintiffs shall accordingly remove the lis pendens forthwith.

Because Plaintiffs lost standing to assert claims with respect to the property when the redemption period expired, and alternatively, because their claims lack merit, Defendant is entitled to summary judgment on all of Plaintiffs' claims.

An order and judgment consistent with this opinion will be entered.


Dated: <u>June 15, 2012</u>　　　　　　　　　　　　/s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE